## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

LAKOTA J. NORTON,

                Plaintiff,

    v.

JOHN AND/OR JANE DOES HEALTH
SERVICES MANAGER, *et al.*,

                Defendants.

ORDER

19-cv-968-slc

Pro se plaintiff Lakota J. Norton, a prisoner at Waupun Correctional Institution, is proceeding against defendants Arisman, Nelson, and Fabry on Eighth Amendment deliberate indifference claims related to a March 24, 2018 overdose.  Specifically, Norton alleges that these defendants each knew that Norton might immediately harm himself by taking pills, or that he actually had placed himself at substantial risk of harm but then failed to take action or unnecessarily delayed taking corrective action.  Before the court is defendants' motion for summary judgment on the ground that Norton failed to fully exhaustion his administrative remedies.  (Dkt. 30.)  Defendants argue that summary judgment is appropriate because Norton did not timely appeal the dismissal of his inmate complaint.  For the following reasons, I am granting the motion and dismissing the complaint without prejudice.[1]

---

[1] Also pending is Norton's motion to strike defendants' reply brief as untimely (dkt. 33) because it was filed ten days after he filed his opposition brief, and the court's preliminary pretrial conference order allows a seven-day window to file a reply (dkt. 24 at 5).  I will deny the motion for two reasons: first, the court's briefing schedule allowed defendants ten days to reply, so I cannot fault them for filing their reply within ten days rather than seven.  (*See* March 19, 2021 text-only entry.)  Second, Norton has not identified any resulting prejudice.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow *all* the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and (2) filing all available appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison administrative rules require." *Pozo*, 286 F.3d at 1025.

The exhaustion requirement is mandatory. It is meant to give prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to comply with § 1997e(a), then the court must dismiss any unexhausted claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A prisoner's failure to exhaust is an affirmative defense that defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, defendants must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners begin the complaint process by filing a complaint with the institution complaint examiner (ICE) within 14 days after the incident giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2).[2] If the ICE rejects the complaint, the prisoner

---

[2] I will refer to the April 1, 2018 version of the Wis. Admin. Code § DOC Chapter 310 throughout the opinion because this version was in effect at the time Norton filed his inmate complaint, CCI-2018-8085.

may appeal the rejection to the appropriate reviewing authority within 10 days.  *Id.* § 310.10(10).  If the ICE accepts the complaint, the ICE must make a recommendation to the reviewing authority, who in turn renders a decision.  *Id.* §§ 310.10(12), 310.11.  If that decision is unfavorable to the prisoner, then the prisoner may appeal to the corrections complaint examiner (CCE) within 14 days, unless good cause is shown for untimely filing.  *Id.* § 310.12(1), (6).  The CCE then makes a recommendation to the DOC Secretary, who will take final action on the complaint.  *Id.* § 310.13.

Defendants acknowledge that Norton filed a timely, accepted inmate complaint on April 6, 2018, alleging that defendants ignored that he had pills on March 24, 2018, and was going to attempt suicide.  (Dkt. 29-2 at 2, 12.)  The ICE recommended dismissal based on video evidence, and the reviewing authority dismissed Norton's complaint on April 24, 2018.  (Dkt. 29-2 at 2, 4.)  Norton therefore had until May 8, 2018 to file an appeal of that decision. His appeal was dated May 9 and was received 7 days later, on May 15.  (Dkt. 29-2 at 5, 21.)  With his appeal, Norton included a letter to the CCE acknowledging that he was one day late and asking the examiner to accept the appeal anyway because he was without his "property" from May 2 through May 9.  (Dkt. 29-2 at 23.)  The CCE recommended rejecting Norton's appeal as untimely without addressing the merits, noting that even if Norton had been without his property for those few days, that did not explain why he did not file an appeal between April 24 and May 2.  (Dkt. 29-2 at 6.)  The Office of the DOC Secretary accepted the CCE's recommendation and dismissed Norton's appeal as untimely on May 31, 2018.  (Dkt. 29-2 at 8.)

Norton does not dispute these facts.  Rather, he makes two unavailing arguments in opposition to defendants' motion.  First, he emphasizes that the alleged conduct is serious and that dismissing his claims would amount to justifying and excusing constitutional violations. (Dkt. 31 at 1-2.)  However, the merits of Norton's claims are not relevant to the question at hand and I would *not* be ruling on the merits in granting or denying the motion before me.  This is because exhaustion is a *prerequisite* to suit, *see* 42 U.S.C. § 1997e(a), so what matters now is whether Norton followed proper procedures when exhausting his administrative remedies.

Second, and to that end, Norton maintains that it would be "absurd" to dismiss his claims because his appeal was only one day late.  (Dkt. 31 at 2.)  Undoubtedly that result would seem unfair to Norton, but the Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  As noted, that means "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  These rules include "time limits," *id.*, unless a prisoner can show good cause for an untimely filing, *see, e.g.*, Wis. Admin. Code § DOC 310.12(6).

Norton knew this when he filed his appeal, and asserts that he had every intention of meeting the 14-day deadline "but circumstances prevented this."  (Dkt. 31 at 2.)  I assume Norton is referring to the few days he did not have his property, but he did not explain to the CCE and does not explain to this court how that circumstance prevented him from filing a timely appeal.  Indeed, as the CCE noted, Norton apparently had his property from April 24 until May 2 and could have filed his appeal during that time.  Regardless, Norton has never explained what property he needed to pursue his appeal, which concerned an incident that had

occurred only about two months earlier, nor has Norton asserted that he faced any other impediment.  I will not second-guess the CCE's discretionary determination that Norton's untimely appeal was not supported by good cause.  *See Clark v. Spittle*, No. 04-C-119-C, 2004 WL 941206, at *1 (W.D. Wis. Apr. 30, 2004) ("[I]t is not this court's role to override the Corrections Complaint Examiner's decision to refrain from finding good cause for the delay and allowing a late appeal pursuant to Wis. Admin. Code § DOC 310.13(2).").

Since there can be no dispute that Norton's appeal was untimely and that it was not accepted solely for that reason, defendants have proved non-exhaustion with respect to Norton's claims.  *See Pozo*, 286 F.3d at 1025 (plaintiff "filed a timely and sufficient complaint but did not file a timely appeal" and therefore failed to exhaust his administrative remedies); *cf. Williams v. Ortiz*, 937 F.3d 936, 941-42 (7th Cir. 2019) (plaintiff failed to exhaust under a Wisconsin county jail's rulebook where he submitted his appeal of an adverse disciplinary finding one day late and the appeal appeared to concern discipline imposed much earlier).  I will grant their motion for summary judgment on this ground and dismiss Norton's claims without prejudice.

That said, as a partial matter this dismissal likely functions as one with prejudice since it probably is too late for Norton to exhaust his claims against defendants.  *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted)).

ORDER

IT IS ORDERED THAT defendants' motion for summary judgment (dkt. 30) is GRANTED.   Plaintiff Lakota J. Norton's claims against defendants are DISMISSED WITHOUT PREJUDICE for his failure to exhaust his administrative remedies.   Norton's motion to strike defendants' reply (dkt. 33) is DENIED.   Defendants' motion to stay the dispositive motion deadline (dkt. 36) is DENIED as moot.

Entered this 26th day of August, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge